IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL TREGLIA, | ) | No. C 10-0757 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF PARTIAL |
| | ) | DISMISSAL; DISMISSAL WITH |
| v. | ) | LEAVE TO AMEND OR |
| | ) | NOTIFY COURT OF INTENT |
| MATTHEW CATE, et al., | ) | TO PROCEED WITH FOURTH |
| | ) | AMENDED COMPLAINT |
| Defendants. | ) | |
| _____ | ) | |

    Plaintiff, a state prisoner proceeding *pro se*, filed a fourth amended civil rights complaint

pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement at Pelican Bay State

Prison ("PBSP").  Plaintiff is granted leave to proceed in forma pauperis in a separate order.  For

the reasons stated below, the Court orders the fourth amended complaint partially dismissed and

grants Plaintiff leave to amend.  Alternatively, Plaintiff shall file a notice that he intends to

proceed only with the cognizable claims discussed below.

                                    **DISCUSSION**

A.    Standard of Review

    A federal court must conduct a preliminary screening in any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

1   any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

2   seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §

3   1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

4   *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

5       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

6   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

7   the alleged violation was committed by a person acting under the color of state law. *See West v.*

8   *Atkins*, 487 U.S. 42, 48 (1988).

9   B.    Plaintiff's Claims

10      Plaintiff alleges that on August 13, 2009, he protested the inhumane conditions at PBSP

11  by lighting a fire in his cell. (Complaint at 5.)  The fire got out of control and Plaintiff was

12  rescued and rushed to the hospital for smoke inhalation. (Id.)  After Plaintiff returned, he was

13  interviewed by Defendant Dr. Schrock, a psychiatrist, to determine whether Plaintiff was

14  attempting to commit suicide. (Id.)  Plaintiff explained that he was not. (Id. at 5-6.)  Plaintiff

15  states that he told Schrock that he started the fire with tobacco matches but he no longer had any

16  matches. (Id. at 6.)  Schrock wrote a report that indicated Plaintiff admitted that he still had a

17  few matches left. (Id.)  Plaintiff asserts that because of Schrock's false report, Defendants

18  Vanderhoofvan and M.D. Yax signed an order directing Plaintiff to Contraband Surveillance

19  Watch ("CSW"). (Id.)

20      On August 15, 2009, Plaintiff was taken to CSW by Defendants O'Donnell and Daharsh.

21  (Id.)  From August 15, 2009 at 5:45 p.m. through August 18, 2009 at 11:45 a.m., Plaintiff alleges

22  that he was subject to cruel and unusual punishment, prevented from humane conditions, and

23  Defendants were deliberately indifferent.

24      Plaintiff also alleges that Defendants failed to adequately train and supervise prison

25  employees based on the inhumane "torture tubes" that Plaintiff was forced to wear and the

26  improper manner in which Plaintiff was treated while in CSW.  Specifically, Plaintiff states that

27  he was prevented from having blankets, sheets, or bed covering, and no one responded to his

28

Order of Partial Dismissal; Dismissal with Leave to Amend or Notify Court of Intent to Proceed with Fourth
Amended Complaint
P:\PRO-SE\SJ.LHK\CR.10\Treglia757dissrv.wpd        2

1  complaints that he had difficulty breathing and experienced nausea, sleep deprivation, and other

2  ailments.  (Id. at 8-9.)

3        Plaintiff further alleges that Defendants violated a state-created liberty interest when

4  Defendants failed to give him an opportunity to surrender the contraband or conduct a medical

5  examination prior to placement in CSW.  Very liberally construed, Plaintiff states cognizable

6  Eighth Amendment claims and a due process claim against Defendants Chisman, Kelley,

7  O'Donnell, Clancy, Kernan, Cabrera, Dahard, Cate, Jacques, and McLean.

8  C.    <u>Dismissed Claims</u>

9        Plaintiff also raises several state law claims relating to his federal claims.  Specifically,

10  Plaintiff cites alleged violations of several California regulations.  Section 1983 does not impose

11  liability for violations of duties of care arising out of state tort law.  *See DeShaney v. Winnebago*

12  *County Social Servs. Dep't.*, 489 U.S. 189, 201-03 (1989); *Baker v. McCollan*, 443 U.S. 137,

13  146 (1979) (without more no action for false imprisonment).  The Due Process Clause is not

14  implicated by a state official's negligent act causing unintended loss or injury to life, liberty, or

15  property.  *See Daniels v. Williams*, 474 U.S. 327 (1986).  However, "district courts shall have

16  supplemental jurisdiction over all other claims that are so related to claims in the action within

17  such original jurisdiction that they form part of the same case or controversy under Article III of

18  the United States Constitution."  28 U.S.C. § 1367(a).

19        The Court is unaware of any general cause of action for violations of general prison

20  regulations.  If such a cause of action exists, Plaintiff may amend his claims and identify the

21  statute or law that gives rise to his cause of action.  For example, Plaintiff cites to a violation of

22  California Code of Regulations title 15 section 2368.2(a).  Section 2368.2(a) describes

23  appropriate instances in which mechanical means of physical restraint may be used in a prison

24  facility.  It does not provide for any private cause of action against violators of the regulations.

25  In other words, Plaintiff has not identified any statute, regulation, or law that states that he may

26  sue a prison official who violates those regulations for damages in a civil action.  Thus, Plaintiff

27  fails to state any cognizable claims under state law for violations of these prison regulations and

28

Order of Partial Dismissal; Dismissal with Leave to Amend or Notify Court of Intent to Proceed with Fourth
Amended Complaint
P:\PRO-SE\SJ.LHK\CR.10\Treglia757dissrv.wpd     3

1   these claims are DISMISSED with leave to amend if Plaintiff can identify the law that gives rise

2   to an appropriate cause of action.

3          Plaintiff also cites to several criminal statutes as the basis of alleged civil rights

4   violations.[1]  Criminal statutes do not generally provide a private cause of action nor basis for

5   civil liability.  *See, e.g.*, *Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999)

6   (concluding that district court properly dismissed  claims premised on violations of California

7   Penal Code sections because they did not create enforceable individual rights); *Aldabe v. Aldabe*,

8   616 F.2d 1089, 1092 (9th Cir. 1980) (noting that 18 U.S.C. §§ 241, 242 provide no private right

9   of action and cannot form basis for civil suit); *Parra v. Hernandez*, 2009 WL 3818376, at *7

10  (S.D. Cal. 2009) (dismissing a prisoner's state law claim brought under a provision of the

11  California Penal Code imposing criminal penalties on persons for lack of a private right of

12  action).  Therefore, Plaintiff fails to state a claim upon which relief may be granted based on the

13  alleged violations of California criminal statutes.  Accordingly, these claims are DISMISSED.

14  D.     Dismissed Defendants

15         Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the

16  plaintiff can show that the defendant proximately caused the deprivation of a federally protected

17  right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  A person deprives another of a

18  constitutional right within the meaning of section 1983 if he does an affirmative act, participates

19  in another's affirmative act or omits to perform an act which he is legally required to do, that

20  causes the deprivation of which the plaintiff complains.  *See id.* at 633.  Even at the pleading

21  stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was

22  personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193,

23  1194 (9th Cir. 1998).  Either personal involvement or integral participation of the officers in the

24  alleged constitutional violation is required before liability may be imposed; liability may not be

25  imposed based solely on an officer's presence during the incident.  *See Hopkins v. Bonvicino*,

26

27         [1]  For example, Plaintiff cites to California Penal Code sections 206 (torture), 147 (officer
28  inhumanely or oppressively treating prisoners, 673 (cruel, corporal or unusual punishments), and
    2084 (relating to the administration of male prisoners sentenced to death).

1   573 F.3d 752, 769-70 (9th Cir. 2009) (holding that although "integral participant" rule may not

2   be limited to officers who provide armed backup, officer who waits in front yard and does not

3   participate in search of residence not an integral participant).

4          Here, Plaintiff names F. Vanderhoofvan, M.D. Yax, Dr. Daryll Schrock, and T. Moore as

5   defendants in his complaint.  However, he fails to allege that their actions or inactions

6   proximately caused the alleged violations.  Vanderhoofvan and Yax merely signed the order

7   directing Plaintiff to CSW.  Schrock allegedly wrote a report which triggered the order to CSW.

8   However, none of these defendants were alleged to participate in the claimed violations of

9   inhumane conditions or due process.  In addition, T. Moore is alleged to have created the

10  "torture tube," but again, Plaintiff does not allege how he was involved in the claimed

11  deprivations.  Accordingly, Vanderhoofvan, Yax, Schrock, and Moore are DISMISSED with

12  leave to amend.  If Plaintiff can cure the above deficiencies in good faith, he may file a FIFTH

13  AMENDED COMPLAINT **within thirty (30) days** or notify this Court that he wishes to

14  proceed with the cognizable claims found above.

15         Plaintiff also names "John and Jane Does" as defendants in this action.  Although the use

16  of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v.*

17  *Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), situations may arise where the identity of alleged

18  defendants cannot be known prior to the filing of a complaint.  In such circumstances, the

19  plaintiff should be given an opportunity through discovery to identify the unknown defendants,

20  unless it is clear that discovery would not uncover their identities or that the complaint should be

21  dismissed on other grounds.  *See id.*  Accordingly, the Doe Defendants are DISMISSED without

22  prejudice.  Should Plaintiff discover their identities in a timely manner, he may move to add

23  them to the complaint at a later date.

24  E.     Plaintiff's request to proceed to pro se settlement conference

25         Plaintiff has filed several requests to have this case referred to Judge Vadas for a

26  settlement conference.  At this early stage in the litigation, those requests are DENIED without

27  prejudice.

28

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1.      Plaintiff's state law claims based on violations of criminal statutes are DISMISSED.  John and Jane Doe Defendants are DISMISSED.

2.      Plaintiff's state law claims based on violations of prison regulations are DISMISSED with leave to amend if Plaintiff can cure the deficiencies described above in good faith.  Defendants F. Vanderhoofvan, M.D. Yax, Dr. Daryll Schrock, and T. Moore are DISMISSED with leave to amend if Plaintiff can cure the deficiencies described above in good faith.  The Court grants Plaintiff leave to file a FIFTH AMENDED COMPLAINT **within thirty (30) days** of the date this order is filed, to address the deficiencies set forth above.  In the alternative, **within thirty (30) days** of the date this order is filed, Plaintiff may file a notice with the Court stating that he intends to proceed with the cognizable claims found in this Order.  Because an amended complaint completely replaces previous complaints, Plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."  *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

An amended complaint must include the caption and civil case number used in this order (C 10-0757 LHK (PR)) and the words "FIFTH AMENDED COMPLAINT" on the first page.  Plaintiff may not incorporate material from the original complaints, such as supporting documentation or exhibits, by reference.  Plaintiff must include all of his claims, including the cognizable claims set forth above, in the fifth amended complaint.  **Failure to file an amended complaint or file a notice with the court in compliance with this order within the designated time will result in the court proceeding with the cognizable claims in the fourth amended complaint as stated in this order.**

3.      It is the Plaintiff's responsibility to prosecute this case.  Plaintiffs must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice

1   of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to

2   do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

3   of Civil Procedure 41(b).

4          IT IS SO ORDERED.

5   DATED:   8/26/2010

    _____
6   LUCY H. KOH
    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28