1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

DANIEL TREGLIA,                    )        No. C 10-0757 LHK (PR)
                                   )
12          Plaintiff,             )        ORDER OF SERVICE;
                                   )        DIRECTING DEFENDANTS TO
13      v.                         )        FILE DISPOSITIVE MOTION
                                   )        OR NOTICE REGARDING
14  MATTHEW CATE, et al.,          )        SUCH MOTION
                                   )
15          Defendants.            )
    _____)
16

17        Plaintiff, a state prisoner proceeding *pro se*, filed a sixth amended civil rights complaint

18  pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement at Pelican Bay State

19  Prison ("PBSP").  For the reasons stated below, the Court orders the sixth amended complaint

20  served upon named defendants.[1]

21                              **DISCUSSION**

22  A.    Standard of Review

23        A federal court must conduct a preliminary screening in any case in which a prisoner

24

25  _____

26        [1] Plaintiff's motion for permission to file and proceed on his sixth amended complaint is
    GRANTED.  (Docket No. 26.)  The Clerk shall file Plaintiff's sixth amended complaint.
27  (Docket No. 27.)  Because an amended complaint supercedes previous complaints, *see London v.
    Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), Plaintiff's motion to file a fifth amended
28  complaint is DENIED as moot.  (Docket No. 21.)

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.LHK\CR.10\Treglia757srv.wpd

1   seeks redress from a governmental entity or officer or employee of a governmental entity. *See*

2   28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

3   any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

4   seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §

5   1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

6   *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

7          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

8   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

9   the alleged violation was committed by a person acting under the color of state law. *See West v.*

10  *Atkins*, 487 U.S. 42, 48 (1988).

11  B.     Plaintiff's Claims

12         Plaintiff alleges that on August 13, 2009, he protested the inhumane conditions at PBSP

13  by lighting a fire in his cell.  The fire got out of control and Plaintiff was rescued and rushed to

14  the hospital for treatment of smoke inhalation.  After Plaintiff returned, he was interviewed by

15  Defendant Dr. Schrock, a psychiatrist, to determine whether Plaintiff was attempting to commit

16  suicide.  Plaintiff explained that he was not.  Plaintiff alleges that, contrary to his statements to

17  Schrock,  Schrock reported that Plaintiff admitted that he still had a few matches left in his

18  possession.  Plaintiff asserts that because of Schrock's false report, Defendant Vanderhoofvan

19  signed an order directing Plaintiff to Contraband Surveillance Watch ("CSW").  On August 15,

20  2009, Plaintiff was taken to CSW by Defendants O'Donnell and Daharsh.  From August 15,

21  2009 at 5:45 p.m. through August 18, 2009 at 11:45 a.m., Plaintiff alleges that he was subject to

22  cruel and unusual punishment, suffered inhumane conditions, and Defendants were deliberately

23  indifferent to his medical needs.

24         Plaintiff also alleges that Defendants failed to adequately train and supervise prison

25  employees based on the inhumane "torture tubes" that Plaintiff was forced to wear and the

26  improper manner in which Plaintiff was treated while in CSW.  Specifically, Plaintiff states that

27  he was prevented from having blankets, sheets, or bed covering, and no one responded to his

28  complaints that he had difficulty breathing and experienced nausea, sleep deprivation, and other

1   ailments.

2         Plaintiff further alleges that Defendants violated a state-created liberty interest when they

3   failed to give him an opportunity to surrender the contraband or conduct a medical examination

4   prior to placement in CSW.  Very liberally construed, Plaintiff states cognizable Eighth

5   Amendment claims, a federal due process claim, and, because "district courts shall have

6   supplemental jurisdiction over all other claims that are so related to claims in the action within

7   such original jurisdiction that they form part of the same case or controversy under Article III of

8   the United States Constitution" 28 U.S.C. § 1367(a), the Court exercises its discretion to

9   adjudicate Plaintiff's alleged state law claims as well.  Thus, the Court will order service of the

10  sixth amended complaint on Defendants Chisman, Kelley, O'Donnell, Clancy, Kernan, Cabrera,

11  Dahard, Cate, Jacques, and McLean.

12  C.    Dismissed Defendants

13        In the Court's August 26, 2010 order, Plaintiff was advised that liability may be imposed

14  on a defendant if the Plaintiff could show that the Defendant proximately caused the deprivation

15  of a federal protected right.  In Plaintiff's fourth amended complaint, Plaintiff included in his list

16  of defendants:  F. Vanderhoofvan, Dr. Daryll Schrock, and T. Moore.  The Court informed

17  Plaintiff then that he failed to allege that these defendants' actions or inactions proximately

18  caused the alleged violations.  Specifically, the Court noted that Plaintiff alleged that

19  Vanderhoofvan merely signed the order directing Plaintiff to CSW; Schrock allegedly wrote a

20  report which triggered the order to CSW; and  T. Moore was alleged to have created the "torture

21  tube."  However, none of these defendants were alleged to participate in the claimed violations

22  of inhumane conditions or due process.  A review of Plaintiff's sixth amended complaint reveals

23  that Plaintiff has still not alleged how these Defendants proximately caused the claimed

24  deprivations.  Accordingly, Vanderhoofvan, Schrock, and Moore are DISMISSED without leave

25  to amend.

26  D.    Pending motions

27        On August 26, 2010, the Court denied Plaintiff's requests to proceed in the Pro Se Early

28  Settlement Program.  Plaintiff has since filed two more motions requesting the same.  (Docket

1   Nos. 19, 23.)  The Court reiterates that, at this early stage in the litigation, those requests are

2   DENIED without prejudice.  After Defendants have been served and have made an appearance

3   in this action, the Court may consider another request for participation in the Early Settlement

4   Program.

5          On September 13, 2010, Plaintiff filed a motion for appointment of counsel.  (Docket No.

6   24.)  Plaintiff's motion for appointment of counsel is DENIED for want of exceptional

7   circumstances.  *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v.*

8   *Dep't of Social Services*, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a

9   civil case).  The issues in this case are not particularly complex, and Plaintiff has thus far been

10  able to adequately present his claims.  This denial is without prejudice to the Court's *sua sponte*

11  appointment of counsel at a future date should the circumstances of this case warrant such

12  appointment.

13                                       **CONCLUSION**

14         For the foregoing reasons, the court hereby orders as follows:

15         1.      Plaintiff's motion for permission to file and proceed on his sixth amended

16  complaint is GRANTED.  (Docket No. 26.)  The Clerk shall file Plaintiff's sixth amended

17  complaint.  (Docket No. 27.)  Plaintiff's motion to file a fifth amended complaint is DENIED as

18  moot.  (Docket No. 21.)  Plaintiff's motions for the Pro Se Early Settlement Program are

19  DENIED without prejudice.  (Docket Nos. 19, 23.)  Plaintiff's motion for appointment of

20  counsel is DENIED.  (Docket No. 24.)

21         2.      Defendants F. Vanderhoofvan, Dr. Daryll Schrock, and T. Moore are

22  DISMISSED without leave to amend.

23         3.      The Clerk shall issue a summons, and the United States Marshal shall serve,

24  without prepayment of fees, copies of the sixth amended complaint in this matter (docket no.

25  27), all attachments thereto, and copies of this order on **MATTHEW CATE and SCOTT**

26  **KERNAN** at the **California Department of Rehabilitation and Corrections in Sacramento,**

27  **CA; and FRANSCISCO JACQUEZ, MAUREEN MCLEAN, CORRECTIONAL SGT.**

28  **O'DONNELL, C/O DAHARSH SGT. CLANCY, C/O R. CHISMAN, CORRECTIONAL**

**LT. G. KELLEY, and CORRECTIONAL SGT. CABRERA at PBSP**.  The Clerk shall also serve a copy of this Order on Plaintiff and mail a courtesy copy of the complaint to the California Attorney General's Office.

4.      No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

a.      If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.</u>**

5.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

a.      In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[2]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to

---

[2] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

1    dismiss, if appropriate, may be granted and the case dismissed.

2            b.      In the event Defendants file a motion for summary judgment, the

3    Ninth Circuit has held that the following notice should be given to plaintiffs:

4            The defendants have made a motion for summary judgment by which
             they seek to have your case dismissed.  A motion for summary judgment under
5            Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

6            Rule 56 tells you what you must do in order to oppose a motion for
             summary judgment.  Generally, summary judgment must be granted when there is
7            no genuine issue of material fact--that is,  if there is no real dispute about any fact
             that would affect the result of your case, the party who asked for summary
8            judgment is entitled to judgment as a matter of law, which will end your case.
             When a party you are suing makes a motion for summary judgment that is
9            properly supported by declarations (or other sworn testimony), you cannot simply
             rely on what your complaint says.  Instead, you must set out specific facts in
10           declarations, depositions, answers to interrogatories, or authenticated documents,
             as provided in Rule 56(e), that contradict the facts shown in the defendants'
11           declarations and documents and show that there is a genuine issue of material fact
             for trial.  If you do not submit your own evidence in opposition, summary
12           judgment, if appropriate, may be entered against you.  If summary judgment is
             granted in favor of defendants, your case will be dismissed and there will be no
13           trial.

14   *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

15   Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317

16   (1986) (holding party opposing summary judgment must come forward with evidence showing

17   triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that

18   failure to file an opposition to defendant's motion for summary judgment may be deemed to be a

19   consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff

20   without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v.*

21   *Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

22           6.      Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's

23   opposition is filed.

24           7.      The motion shall be deemed submitted as of the date the reply brief is due.  No

25   hearing will be held on the motion unless the court so orders at a later date.

26           8.      All communications by the Plaintiff with the court must be served on Defendants,

27   or Defendants' counsel once counsel has been designated, by mailing a true copy of the

28   document to Defendants or Defendants' counsel.

1    9.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

2  No further court order is required before the parties may conduct discovery.

3        For Plaintiff's information, the proper manner of promulgating discovery is to send

4  demands for documents or interrogatories (questions asking for specific, factual responses)

5  directly to Defendants' counsel.  *See* Fed. R. Civ. P. 33-34.  The scope of discovery is limited to

6  matters "relevant to the claim or defense of any party . . ."  *See* Fed. R. Civ. P. 26(b)(1).

7  Discovery may be further limited by court order if "(i) the discovery sought is unreasonably

8  cumulative or duplicative, or is obtainable from some other source that is more convenient, less

9  burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

10  discovery in the action to obtain the information sought; or (iii) the burden or expense of the

11  proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  <u>In order to comply</u>

12  <u>with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it</u>

13  <u>to his benefit to wait until defendants have filed a dispositive motion which could include some</u>

14  <u>or all of the discovery plaintiff might seek.</u>  In addition, no motion to compel will be considered

15  by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local

16  Rule 37-1 has been satisfied.  Because Plaintiff is detained, he is not required to meet and confer

17  with Defendants in person.  Rather, if his discovery requests are denied and he intends to seek a

18  motion to compel, he must send a letter to Defendants to that effect, offering them one last

19  opportunity to provide him with the sought-after information.

20    10.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

21  and all parties informed of any change of address and must comply with the Court's orders in a

22  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

23  pursuant to Federal Rule of Civil Procedure 41(b).

24        IT IS SO ORDERED.

25  DATED:    11/24/2010

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge