IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL TREGLIA, | ) | No. C 10-0757 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE; |
| | ) | ADDRESSING PENDING |
| v. | ) | MOTIONS; DIRECTING |
| | ) | DEFENDANTS TO FILE |
| MATTHEW CATE, et al., | ) | DISPOSITIVE MOTION OR |
| | ) | NOTICE REGARDING SUCH |
| Defendants. | ) | MOTION |
| | ) | |

(Docket Nos. 44, 45, 52, 53)

Plaintiff, a state prisoner proceeding *pro se*, filed a seventh amended civil rights complaint pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement at Pelican Bay State Prison ("PBSP"). For the reasons stated below, the Court orders the seventh amended complaint served upon the named defendants.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

1  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged violation was committed by a person acting under the color of state law. *See West v.*
5  *Atkins*, 487 U.S. 42, 48 (1988).

6  B.    Plaintiff's Claims

7       Plaintiff's seventh amended complaint does not differ factually from his sixth amended
8  complaint. It appears that Plaintiff finessed his seventh amended complaint superficially and
9  also added two Defendants, whose names he recently discovered. Very liberally construed,
10 Plaintiff still states cognizable Eighth Amendment claims and a federal due process claim. The
11 Court exercises its discretion to adjudicate Plaintiff's alleged state law claims as well. Plaintiff's
12 motion to amend the complaint is GRANTED. The Clerk is directed to file Plaintiff's seventh
13 amended complaint. Thus, the Court will order service upon newly named Defendants Licensed
14 Vocational Nurse C. Howell, and Correctional Officer Darby.

15      The Court notes that this action commenced over one year ago on February 23, 2010. No
16 dispositive motions have been filed, and Plaintiff has filed his seventh amended complaint. Due
17 to the age of this case, and the potential prejudice any further delays may cause, Plaintiff is
18 advised that, absent exigent circumstances, the Court will not look favorably upon any further
19 requests to amend the complaint.

20 C.    Pending motions

21      Plaintiff also moves, for a third time, to proceed in the Pro Se Early Settlement Program.
22 For the reasons stated previously, Plaintiff's request is DENIED without prejudice.

23      Plaintiff filed a motion in limine to prohibit Defendants from referring to or admitting
24 any documents relating to claims that Plaintiff possessed any contraband. Plaintiff's motion is
25 DENIED without prejudice as premature.

26      Plaintiff's motion to augment the record with the attached exhibits of his medical records
27 and a copy of the Department of Operations Manual and portions of California Code of
28 Regulations, Title 15, is GRANTED.

Finally, Plaintiff filed a motion to stay his opposition to Defendants' dispositive motion pending discovery disputes. Defendants have not yet filed their dispositive motion. Thus, Plaintiff does not yet have a date certain upon which his opposition is due. The motion is DENIED without prejudice as premature.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Plaintiff's motion to amend his seventh amended complaint is GRANTED. (Docket No. 45.) The Clerk shall file Plaintiff's seventh amended complaint. (Docket No. 46.) Plaintiff's motion to order a settlement hearing is DENIED without prejudice. (Docket No. 45.) Plaintiff's motion in limine is DENIED without prejudice as premature. (Docket No. 44.) Plaintiff's motion to augment the record is GRANTED. (Docket No. 52.) Plaintiff's motion to stay Plaintiff's opposition is DENIED as premature. (Docket No. 53.)

2. The Clerk shall issue a summons, and the United States Marshal shall serve, without prepayment of fees, copies of the seventh amended complaint in this matter (docket no. 46), all attachments thereto, and copies of this order on **Licensed Vocational Nurse C. Howell** and **Correctional Officer Darby at PBSP**. The Clerk shall also serve a copy of this Order on Plaintiff and mail a courtesy copy of the complaint to the California Attorney General's Office.

3. No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

   a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion**

**that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

    a. In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b. In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

     5.     Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

     6.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

     7.     All communications by the Plaintiff with the court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

     8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (for example, questions asking for specific, factual responses) directly to Defendants' counsel.  *See* Fed. R. Civ. P. 33-34.  The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ."  *See* Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). <u>In order to comply with the requirements of Rule 26, before deciding to promulgate discovery Plaintiff may find it to his benefit to wait until Defendants have filed a dispositive motion which could include some or all of the discovery Plaintiff might seek.</u>  In addition, no motion to compel

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.LHK\CR.10\Treglia757srv2.wpd    5

1 | will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and
2 | N.D. Cal. Local Rule 37-1 has been satisfied.  Because Plaintiff is detained, he is not required to
3 | meet and confer with Defendants in person.  Rather, if his discovery requests are denied and he
4 | intends to seek a motion to compel, he must send a letter to Defendants to that effect, offering
5 | them one last opportunity to provide him with the sought-after information.

6 |       9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
7 | and all parties informed of any change of address and must comply with the Court's orders in a
8 | timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
9 | pursuant to Federal Rule of Civil Procedure 41(b).

10 |       IT IS SO ORDERED.
11 | DATED:   3/29/11

                                            _____
                                            LUCY H. KOH
                                            United States District Judge