IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TREGLIA,<br><br>    Plaintiff,<br><br> v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | No. C 10-0757 LHK (PR)<br><br>ORDER DENYING<br>PLAINTIFF'S MOTIONS TO<br>COMPEL DISCOVERY<br><br>(Docket Nos. 74, 79) |

Plaintiff, a state prisoner proceeding *pro se*, filed a seventh amended complaint under 42 U.S.C. § 1983. Before the Court are Plaintiff's two motions to compel discovery. Defendants have filed oppositions to both motions, and Plaintiff has filed a reply to one motion.

In his first motion, Plaintiff claims that he sent his first request for production of documents to Defendant Cate on January 28, 2011. (Mot. to Compel Production of Documents at 1 and Ex. 1.) On April 28, 2011, Cate filed his responses and objections. (*Id.* at 1 and Ex. 2.) On May 11, 2011, Plaintiff sent Defendants a "motion to produce documents without court assistance" which he intended to be his "meet and confer" letter. (*Id.* at 1 and Ex. 3.) In the "motion," Plaintiff advised Defendants that if he did not receive the requested documents within 14 days, he would file a motion to compel. (*Id.*, Ex. 3 at 8.) Defendants received this document almost one week later, on May 17, 2011. (Decl. Goldman at ¶ 2.) On June 6, 2011, Plaintiff filed the instant motion to compel. On June 8, 2011, Defendants wrote to Plaintiff explaining

Cate's objections to Plaintiff's requests in more detail, requesting further information about Plaintiff's responses to those objections, and finding merit to Plaintiff's response to request number 3. (*Id.* and Ex. A.) On June 21, 2011, Defendants supplemented their response to request number 3. (*Id.* and Ex. B.) Defendants letter indicated that they wished to resolve discovery disputes without Court intervention. (*Id.* at Ex. A.) Plaintiff did not respond to Defendants' letter.

The Court may grant a motion to compel discovery only after Plaintiff satisfies the "meet and confer" requirements of the discovery rules. *See* Fed. R. Civ. P. 37(a)(2)(A) (providing that a motion to compel must include certification that movant has in good faith conferred and attempted to confer with non-disclosing party in effort to secure disclosure without court action); N.D. Cal. Civ. R. 37-1 (same). Because Plaintiff is detained, however, he is not required to meet and confer with Defendants in person. Rather, if his discovery requests are denied, and he intends to seek a motion to compel, he must send a letter to Defendants to that effect, offering them one last opportunity to provide him with the sought-after information.

While Plaintiff avers that he offered Defendants one last opportunity to provide him with the information requested, the record shows that he disagreed in writing with Defendants' objections one time via his "motion," demanded production of documents, and then proceeded to file a motion to compel. Plaintiff did not respond to Defendants' June 8, 2011 letter in an attempt to resolve the disputes. Plaintiff asserts that he believes any negotiations would be futile. However, Defendants' letter indicated that they were willing to consider Plaintiff's responses to their objections if Plaintiff could expand and explain them.

On this record, the Court finds that Plaintiff's efforts to meet and confer were not meaningful. *See, e.g.*, *Aponte-Navedo v. Nalco Chemical Co.*, 268 F.R.D. 31, 40-41 (D. Puerto Rico 2010) ("only two of the emails were sent by plaintiffs to the defendants, which instead of showing a good faith effort to reach an agreement, only showed plaintiffs point of view over the objections made"); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D 647, 652-53 (D. Kan. 2009) (denying motion to compel when efforts to confer prior to the filing of a motion to compel consisted of a single letter demanding that defendants withdraw its objections to interrogatories

1 and a failure to respond to defendants' offer to negotiate the dispute); *cf.* Civil L.R. 1-5(n)
2 (defining "meet and confer" as including that the parties communicate directly and discuss the
3 issues required through direct dialogue and discussion). Accordingly, at this time, Plaintiff's
4 motion to compel Defendants to respond to his request for production of documents is DENIED
5 without prejudice.

6      In his second motion, Plaintiff moves to compel Defendants to respond to his
7 interrogatory number 12. Defendants oppose the motion, asserting that Plaintiff has not
8 attempted to meet and confer. Plaintiff does not dispute that he failed to comply with this
9 requirement. Accordingly, Plaintiff's motion to compel Defendants to respond to his
10 interrogatory number 12 is DENIED without prejudice.

11      IT IS SO ORDERED.

12 DATED:   8/4/11

                                       LUCY H. KOH
13                                        United States District Judge